## In re A. C. WILCOX & CO.

(District Court, S. D. New York. July 15, 1907.)

BANKRUPTCY—CLAIMS—PARTIAL ALLOWANCE—LACHES.

> Where, after a partial allowance by a referee of a creditor's claim to recover money deposited with the bankrupt prior to the filing of the petition, no substantial injury to the estate ensued by the creditor's delay in taking up the referee's report and acting thereon, which was ultimately filed by the attorney for the trustee, the claimant did not lose his right to the amount allowed, because of his laches, at least to the extent of the fund in the hands of the trustee in excess of the cost of administration.

Frank L. Tyson, for petitioner.
James F. Egan, for trustee.

CHATFIELD, District Judge. In this proceeding the trustee in bankruptcy has declared and paid one dividend, and has in his hands sufficient to pay a second dividend, which has been withheld pending a motion by one Carroll D. Parry to recover $715.61, deposited with the bankrupt prior to the filing of the petition. This motion was referred to the referee in bankruptcy as special commissioner, and he has reported that the claim of Mr. Parry should be allowed, and the sum deposited repaid to the extent of $286.38; that Mr. Parry should be compensated for his expenses for the fees of the special commissioner and the charges of the stenographer, but allows him no costs. The report of the special commissioner was dated February 7, 1907, and the claimant neglected to take up the report or to act thereon. This delay on his part has caused delay in the declaration and distribution of a further dividend. The attorney for the trustee has finally filed the referee's report, and now objects to the confirmation thereof, on the ground that the claimant, by his laches, has lost any right to the amount allowed.

It does not seem to the court that any substantial injury to the estate has ensued from the delay on the part of the claimant. The report of the special commissioner allowed him but a part of his claim, and to have taken up the report would have meant an acquiescence in this disallowance. By the present motion, however, the claimant accepts the special commissioner's findings with respect to the tracing of the various sums.

There would seem to be sufficient funds in the estate, over and above necessary expenses, to pay the sum allowed, and the motion will be granted to pay that amount, together with the special commissioner's fees and the stenographer's charges, out of the estate, to the extent of the fund which the trustee may now have, over and above the cost of administration. If by his laches the claimant has allowed the estate to be distributed, so that after payment of expenses there will be insufficient to cover this claim, the amount which he can receive must be reduced accordingly.